## THOMAS B. ALSOP *v.* ANNIE M. COWAN.

1. EXECUTION. *Issued after death of defendant without revivor. Code* 1880, § 1751.
   After one year from the death of any defendant in a judgment for money, execution thereof without revival may be had by leave of the court rendering the judgment, or of the judge thereof in vacation upon cause shown, against any property upon which such judgment was a lien at the time of the death of the defendant, and a sale of such property may be made in the same manner and with the same effect as if the defendant was living. Code 1880, § 1751.

2. PETITION FOR EXECUTION MUST SHOW LIEN AT TIME OF DEATH.
   A petition for an execution under the above section is insufficient if it fails to show that the judgment was a lien at the time of defendant's death, and a demurrer thereto should be sustained for this reason.

3. CODE 1880, § 1751. *Meaning of " upon cause shown."*
   The phrase " upon cause shown " has reference solely to the action of the judge in vacation, and empowers him to allow the execution in vacation if an emergency is made to appear for immediate execution.

4. EXECUTION. *How obtainable.*
   Such execution must be obtained from the court, or, on cause shown, from the judge in vacation, upon motion or petition, and no formal notice or process is required.

APPEAL from the circuit court of Warren county.

Hon. RALPH NORTH, Judge.

This was a petition to the circuit court of Warren county by the appellants, to obtain an execution upon a judgment against a defendant after one year from the death of the said defendant. It is founded upon § 1751 of the code of 1880, which is as follows : " After one year from the death of any defendant in a judgment for money, execution thereof may be had by leave of the court rendering the judgment, or of the judge thereof in vacation upon cause shown, against any property upon which such judgment was a lien at the time of the death of the defendant, and a sale of such property may be had in the same manner and with the same effect as if said defendant was living, etc."

The petition alleges that appellant recovered judgment in said court on the 12th day of June, 1868, against one Samuel Marley for eight hundred and eighty-five dollars and fifty cents, and had execution issued thereon on the 14th day of November, 1868, which was levied upon the land in controversy and other land ; that the return of the sheriff upon the execution improperly described the land in controversy, and that appellee and her husband, Warren Cowan, who were in possession of the land at the time of the issuance of the execution, obtained from the chancery court of said county a writ of injunction, staying further proceedings under said execution. Said injunction was dissolved as to the land in controversy, and a *vendi. exponas* issued, and the premises again advertised for sale by an amended description, and on the 3d September, 1875, all further proceedings were again enjoined at the suit of said Annie M. Cowan and her said husband. The latter injunction remained in force until the 8th day of December, 1887. The petition alleges that the petitioner, the appellant, acquired and still has a lien upon said lands for the payment of said judgment, and that the judgment has not been satisfied and is still in force; that notwithstanding more than seven years have elapsed since the rendition of the judgment, the time during which the execution was enjoined is not to be computed as part of the seven years ; that on the 8th day of January, 1887, said execution was quashed by the circuit court of Warren county by reason of the

error in the description of said land in the sheriff's return ; that said Marley died more than one year before the filing of this petition, leaving no estate to be administered ; that said judgment is a lien upon said land, and petitioner is entitled, under the statute aforesaid, to have execution of his judgment.

The appellee, Annie M. Cowan, as sole owner of the land in controversy, demurred to the petition because it failed to show affirmatively that petitioner had a lien on said land at the time of the death of the defendant, Marley. The demurrer was sustained and the petition dismissed, and from this order petitioner has appealed.

*Frederick Speed*, for appellant.

The code of 1857, as well as the codes of 1871 and 1880, except from the period of seven years, during which a judgment " shall be a lien upon the property of the defendants therein," the time during which it shall be stayed by injunction. " Such time shall not be computed as any part of said period of seven years." Code 1857, p. 401 ; Code 1871, § 2129 ; Code 1880, § 2680. If we deduct the entire time from the rendition of the judgment in 1868 until the filing of this petition, it will be found that there is less than one year during which the execution was not stayed by injunction at the suit of appellee.

The attempt by appellee is to set up by demurrer the statute of limitations. The court ignored the rule laid down in *Hunt* v. *Knox*, 5 Geo. 655, where it is held that " relief will not be effected by reason of the statute, pending the litigation barring the issuance of a new execution on the judgment." Besides, the question as to the limitation cannot be raised by demurrer in the circuit court. *Thompson* v. *State*, 54 Miss. 743 ; *Hines* v. *Potts*, 56 Miss. 346.

The petition affirmatively shows the lien of the judgment—it avers the rendition of it and the lien was in no way dependent on the execution which was quashed.

*T. H. Campbell* and *J. C. Prewett*, on the same side.

The petition alleges the rendition of the judgment in the circuit court of Warren county against Marley, and that the property described was owned by him at the time of the levy of the execution in 1868, and at the time of the death of Marley, and that execution

was enjoined as set out in the petition. All these facts are admitted by the demurrer. Unless the judgment lien was barred by the statute of limitations, petitioner is entitled to have execution of it. Code 1880, § 1757.

If we exclude the period during which the execution was enjoined, the bar has not attached.

But the statute of limitations cannot be set up by demurrer in law courts, and if this were viewed as a *quasi equitable* proceeding, appellee would be estopped from pleading the statute. See *Sugg* v. *Thrasher*, 1 Geo. 135; *Work* v. *Harper*, 2 Geo. 107; *Marshall* v. *Minter*, 43 Miss. 666. The court holds that it is a grossly inequitable advantage to permit a party to enjoin the execution of a judgment until the bar has attached, and be permitted to plead such bar. These decisions were before our statutory provision in reference to the effect of injunctions as stopping the running of the statute of limitations.

*Dabney, McCabe & Anderson,* for the appellee.

Exactly what is meant by the words " upon cause shown " is not quite clear, but this provision of the code, § 1751, certainly requires that the person applying for the execution must, by his petition, show that he has a valid lien upon the property which he seeks to subject. Unless a lien exists, there is no room for the application of this statute.

It clearly appears from the petition that the petitioner has no lien.

The judgment was rendered June 12, 1868, and Marley, the defendant, died in the spring of 1883, fifteen years after the judgment was rendered, and the petition fails to show affirmatively that this judgment was kept alive by the issuance of executions or by revival, as the law provides. The petitioner therefore has no judgment lien.

But he undertakes to show that he has an execution lien. The execution was issued November, 1868, and was levied upon certain other property and not upon the property in controversy here. It is claimed that it was so levied, but this allegation must be taken with another which shows that the execution was returned as having been levied upon something else. Enjoining the execution as

to this land did not prevent the suing out of another. On August 24, 1875, petitioner sued out a *vendi.*, not an execution, and this *vendi.* was enjoined because not consonant with the execution upon which it was based. The injunction was only against the execution of this *vendi.* The judgment was not enjoined and might have still been enforced. The *vendi.*, moreover, was void, and was quashed by the court, and being void gave no lien on the land. No appeal was taken from the judgment holding it void.

It is therefore clear that petitioner had no lien when this petition was filed, and the demurrer was properly sustained.

CAMPBELL, J., delivered the opinion of the court.

To entitle the plaintiff to execution under § 1751 of the code he must have had a lien at the time of the death of the defendant, but in this case the petition fails to show that the judgment was a lien in the only way by which it could become such, *i. e.*, by enrolment, and it shows affirmatively that the lien of the execution was destroyed by the quashal of the levy. Therefore, the petition, by which the parties chose to test their rights, is insufficient to show a right to execution.

The clause "upon cause shown," which puzzles some of the counsel, relates to the action of the judge in vacation. Execution may be had by leave of the court, "or of the judge thereof in vacation, upon cause shown :" that is, upon cause shown therefor the judge in vacation instead of the court may grant leave for execution, without waiting for the court to be held. An emergency may exist for immediate execution, and upon that being made to appear, the judge in vacation may allow the execution. The purpose of this section is to enable the plaintiff to enforce his judgment as to any property of the defendant on which it was a lien, notwithstanding the death of the defendant, and as no formal notice or process is required, leave of the court must be had on motion or petition, or if application is made in vacation to the judge, cause must be shown for not waiting for the court.

In this case the sufficiency of the petition for execution was tested by a demurrer by a party interested, and the demurrer was rightly sustained.            *Affirmed.*